## Clear Haven Inv. Fund, LP - Clear Haven Credit Opportunities Fund II Series v ZAGS SPV 1 LLC

2025 NY Slip Op 31674(U)

May 7, 2025

Supreme Court, New York County

Docket Number: Index No. 654268/2024

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------------X

CLEAR HAVEN INVESTMENT FUND, LP - CLEAR HAVEN CREDIT OPPORTUNITIES FUND II SERIES,

Plaintiff,

- v -

ZAGS SPV 1 LLC,TORPAGO, INC.,BRENT JACKSON, JOHN DOE

Defendant.

-------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654268/2024 |
| **MOTION DATE** | 12/13/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for                    DISMISSAL                    .

This case involves a financing arrangement pursuant to which the parties expressly agreed to a particular structure where one of the defendants would receive accounts receivable in a Collection Account and which the plaintiff would have the ability to sweep, and the defendants pursuant to a wholly separate account, the "Pre-Funding Account," would extend credit to certain customers.

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 5.5.25), the defendants' motion to dismiss the third (**Count III** [breach of contract for breach of the Receivables Purchase Agreement against Torpago]), fourth (**Count IV** [breach of the implied covenant of good faith and fair dealing against ZAGS]), seventh (**Count VII** [conversion against Brent Jackson and Torpago]), eighth (**Count VIII** [fraud against all defendants]), ninth (**Count IX** [fraudulent transfer against all defendants]) and tenth (**Count X** [conspiracy against ZAGS,

654268/2024   CLEAR HAVEN INVESTMENT FUND, LP - CLEAR HAVEN CREDIT
OPPORTUNITIES FUND II SERIES vs. ZAGS SPV 1 LLC ET AL
Motion No.  003

Page 1 of 5

[* 1]

Torpago and Mr. Jackson]) causes of action asserted in the amended complaint (NYSCEF Doc. No. 56) pursuant to CPLR 3211(a)(1) and (7) is decided as set forth on the record including that:

1. The plaintiff confirmed that the fraud claim (Count VIII) was levelled against only Mr. Jackson and Torpago and not against ZAGS. As against ZAGS, the plaintiff acknowledged that it is in fact duplicative of the breach of contract claims. As such, it is dismissed. For the avoidance of doubt, the defendants are not entitled to dismissal of the fraud claim as against Mr. Jackson and Torpago. The plaintiff alleges, among other things, that Torpago and Mr. Jackson submitted fraudulent compliance certifications and borrowing base reports regarding the nature of one of Torpago's clients, Rare Carat, which operated a prefunded card and therefore did not generate receivables causing damages recoverable only under a fraud theory. The fraud claim includes a different measure of damages than the contract based claims and it is not duplicative of those claims. The "documentary evidence" does not utterly refute this claim either. To wit, and by way of example, the spreadsheet lists Rare Carat not as a prefunded account and instead lists its card type as "charge" (NYSCEF Doc. No. 62).

2. The branch of the motion seeking dismissal of the claims predicated on piercing the corporate veil of ZAGS to reach Torpago, Inc. is granted because the corporate form was not abused as alleged to facilitate "the transaction attacked" (*Remora Capital S.A. v Dukan*, 175 AD3d 1219, 1220 [1st Dept 2019]). As alleged, Torpago and Mr. Jackson are alleged to have diverted the fund activity and otherwise perpetrated a fraud through material misrepresentations about, among other things, the borrowing base which the plaintiff materially relied on in continuing to permit the extension of credit and

654268/2024   CLEAR HAVEN INVESTMENT FUND, LP - CLEAR HAVEN CREDIT
OPPORTUNITIES FUND II SERIES vs. ZAGS SPV 1 LLC ET AL
Motion No.  003

Page 2 of 5

2 of 5

[* 2]

preventing the sweeping of the collection account. Indeed, the plaintiff confirmed that the claims brought against Mr. Jackson are not based on piercing the corporate veil. As against Mr. Jackson, the contract based claims are solely asserted with respect to the contractual obligations that he expressly understood. The fraud claims are based on his role perpetrating the alleged misrepresentations and mis-directions of funds and transfers to accounts of Torpago (*i.e.*, the Pre-Funding Account) and the collection account of ZAGS to which the plaintiff could sweep money. At this stage, the allegations do satisfy CPLR 3016(b) (*see Pludeman v N. Leasing Sys., Inc.*, 10 NY3d 486, 489 [2008]). Finally, Mr. Jackson simply can not exculpate himself from his alleged fraudulent conduct and exposure by asserting that he only acted as an officer as to the entities that he undeniably controlled (*see id.* at 491).

3. With respect to the conversion (Count VII) and fraudulent conveyance (Count IX) claims, the parties acknowledged that a certain payment (the **Basatne Payment**) was mistakenly sent to a Torpago account by a non-party. This is not an account that the plaintiff could sweep. As alleged, the Basatne Payment was transferred from one Torpago account to another account outside of the reach of the plaintiff. This is sufficient at this stage and the defendant is thus not correct that they are entitled to dismissal based on their argument that the conversion claim is duplicative of the breach of contract claim. Furthermore, the Court notes that it is unclear whether the Basatne Payment should be included in the definition of "collection" under the parties' agreement. In addition, to the extent that at this stage and prior to discovery, the plaintiff only identifies the Basatne Payment specifically, should they deem it appropriate, following discovery they may amend their pleadings to add additional examples of conversion. To the extent that

**654268/2024   CLEAR HAVEN INVESTMENT FUND, LP - CLEAR HAVEN CREDIT**                                    **Page 3 of 5**
**OPPORTUNITIES FUND II SERIES vs. ZAGS SPV 1 LLC ET AL**
**Motion No.  003**

3 of 5

[* 3]

discovery reveals no further instances of alleged conversion or that the conduct surrounding the Basatne Payment does not effectuate a conversion, they can move for summary judgment dismissal of this claim.

4. The conspiracy claim (Count X) is dismissed as a separate cause of action.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby

ORDERED that the defendants' motion to dismiss is decided as set forth on the record (*tr.* 5.5.25) and above; and it is further

ORDERED that the plaintiff is granted leave to amend its pleadings as set forth above and on the record following discovery if appropriate; and it is further

ORDERED that the defendants are granted leave to move to renew their motion to dismiss following discovery as set forth above and on the record if appropriate; and it is further

ORDERED that the parties shall order a copy of the transcript and upload it to NYSCEF; and it is further

ORDERED that the plaintiff shall submit order.

654268/2024   CLEAR HAVEN INVESTMENT FUND, LP - CLEAR HAVEN CREDIT
OPPORTUNITIES FUND II SERIES vs. ZAGS SPV 1 LLC ET AL
Motion No. 003

Page 4 of 5

20250507124341AD0RR0KAACD01523EB4A1B98719AF546C56255D

**5/7/2025**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654268/2024   CLEAR HAVEN INVESTMENT FUND, LP - CLEAR HAVEN CREDIT OPPORTUNITIES FUND II SERIES vs. ZAGS SPV 1 LLC ET AL**
**Motion No.  003**

**Page 5 of 5**

5 of 5

[* 5]